**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GLENN W. FORMAN,<br>Plaintiff,<br><br>    v.<br><br>FIRST UNUM LIFE INSURANCE COMPANY,<br>Defendant. | Case No. 5:19-cv-02756-JDW |

**PLAINTIFF'S PRETRIAL MEMORANDUM**

Pursuant to the Rules of Civil Procedure and this Court's scheduling order of September 22, 2020 (D.E. 33), Plaintiff, Glenn W. Forman (hereinafter "Mr. Forman" or "FORMAN"), hereby submits the following pretrial memorandum which includes all information required by Fed. R. Civ. P. 26(a)(3) and Local Rule of Civil Procedure 16.1.

**Information required by Fed. R. Civ. P. 26(a)(3):**

1. **The names, addresses and telephone numbers of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises:**

    a. **The Plaintiff expects to present the following witnesses:**

        i. **Dr. Bradford Granger**

           Lancaster General Hleath Physicians Internal Medicine
           2111 Harrisburg Pike, Suite 100
           Lancaster, PA 17601
           P: 717-544-3191

    Dr. Bradford Granger is an internal medicine physician and Mr. Forman's Primary Care Physician. Dr. Granger has treated Mr. Forman since August of

2009. Dr. Granger was the initial provider who advised Mr. Forman to discontinue working due to his diagnosed conditions. Dr. Granger will testify as to Mr. Forman's diagnoses, his care and treatment, as well as his restrictions and limitations.

ii. **Dr. Thomas Reifsnyder**

Johns Hopkins Bayview Medical Center
4940 Eastern Ave., Bldg A, Ground Floor
Baltimore, MD 21224
P: 410-550-0100

Dr. Thomas Reifsnyer is a vascular surgeon who has treated Mr. Forman since January 2018. Dr. Reifsnyder will testify as to Mr. Forman's diagnoses, his care and treatment, as well as his restrictions and limitations.

iii. **Dr. Samuel Kerr**

LG Health Physicians Hematology & Medical Oncology
Ann B. Barshinger Cancer Institute
2102 Harrisburg Pike
Lancaste, PA 17601
P: 717-544-9400

Dr. Samuel Kerr is a hematologist who has treated Mr. Forman since February 15, 2019. Dr. Kerr will testify as to Mr. Forman's diagnoses, his care and treatment, as well as his restrictions and limitations.

iv. **Plaintiff Glenn Forman**

807 Stone House Lane
Lititz, PA 17543
P: 717-569-4458

Mr. Forman is the Plaintiff and he will testify as to his pre-disability duties of his regualr occupation, medical history / treatment with accompanying symptoms. and procedural history of his claim presented to Unum.

b. **The Plaintiff may call the following witness if the need arises:**

   i. **Appeals Specialist Katie Doherty of First Unum Life Insurance Company**

   Ms. Doherty, a Unum Lead Appeals Specialist, may be called to testify about her August 1, 2019 written decision concluding that Forman can perform the duties of his occupation and is not disabled according to the policy.

c. **The Plaintiff does not expect to call the following witness:**

   i. **Dr. David Winand**

   Advanced Vein & Laser Center- Lancaster
   896 A. Plaza Blvd.
   Lancaster, PA 17601
   P: 717-295-8346

   Dr. David Winand is a vascular surgeon who has treated Mr. Forman since November 2018. Dr. Winand could testify as to Mr. Forman's diagnoses, his care and treatment, as well as his restrictions and limitations. Dr. Winand will likely not be called as his medical records are contained in the administrative record and Dr. Reifsnyder, a vascular surgeon is already scheduled to testify with a similar opinion.

2. **The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony:**

   a. None

3. **The Appropriate identification of each document or other exhibit, including summaries of evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises:**

    a. At trial, the Plaintiff's exhibits will be limited to any documents contained in Docket Entry 28 which is the Redacted Administrative Record filed with the Court on January 24, 2020.  Docket Entry 28 has subparts 28-1 through 28-11.  The Plaintiff may use a diagram of the vascular system as a demonstrative aid.

**Information required by Local Rule of Civil Procedure 16.1:**

1. **Plaintiff's Brief Statement of the Nature of the Action and the basis on which the jurisdiction of the court is invoked:**

    This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq.  FORMAN, a resident of Lancaster County, Pennsylvania, brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to future benefits under the terms of the plan

2. **Plaintiff's Brief Statement of the Facts of the Case:**

    Glenn Forman ("FORMAN") was at all time material a plan participant under the McKinsey & Company, Inc. Plan, which is a Group Long Term Disability Plan insured by First Unum Life Insurance Company ("First Unum"), Policy Number 451355 011

[1864990/4511286/1]

("the disability plan")(AR 103-128). The governing policy defines "disability" and "disabled" as:

> "Disability" and "disabled" mean that because of injury or sickness:
> 1. the insured cannot perform each of the material duties of his regular occupation; or
> 2. the insured, while unable to perform all of the material duties of his regular occupation on a full-time basis, is:
>    a. performing at least one of the material duties of his regular occupation or another occupation on a part-time or full-time basis; and
>    b. earning currently at least 20% less per month than his indexed pre-disability earnings due to that same injury or sickness.

Prior to becoming disabled and filing his claim for Long Term Disability benefits, FORMAN had worked at McKinsey since 1994 and his job title was Partner and Global Head of Research and Analytic Services. McKinsey & Company, his former employer, is a global management consulting firm that serves leading businesses, governments, non-governmental organizations, and not-for-profits. McKinsey has approximately 30,000 employees, 130 office locations worldwide and generated annual revenue in excess of $10 billion dollars in 2018. With his position, FORMAN was responsible for providing executive-level strategic and operational leadership to approximately 2,000 McKinsey knowledge professionals who deliver a portfolio of services to clients of McKinsey. The employees that reported to FORMAN were located in 95 different cities and 51 countries. FORMAN's job duties required extensive worldwide air travel from his principal office in Philadelphia and very long / unusual working hours in order to participate in meetings in different international time zones. In fact, for the years of 2013 – 2017, FORMAN averaged over 39 work related flights per year. Many of these flights were considered to be "long-haul" flights (6-12 hours) or even "ultra-long-haul" flights (over 12 hours) as

FORMAN was tasked with visiting on a regular basis McKinsey Knowledge Centers in India, China, Costa Rica, and Poland, in addition to other locations. With nearly an average of 40 work related flights per year, it is undisputed that long haul travel of flights greater than five hours was a material duty of FORMAN's regular occupation.

On April 4, 2018, FORMAN stopped working full time due to his disabling conditions of recurrent bilateral deep venous thrombosis, pulmonary embolism, post-thrombotic syndrome/chronic venous insufficiency, heterozygous Factor V Leiden mutation and May-Thurner Syndrome. Following his stopping full time work at McKinsey in April 2018, Forman worked for McKinsey in a limited capacity until the end of 2018 in order to assist his co-workers with the assumption of his prior job duties. As of January 2019 and through Unum's final denial on August 1, 2019, FORMAN worked with a start-up small business financial funding company and this information was presented to Unum during it's review of the claim.

FORMAN ceased working for McKinsey full time due to his inability to perform his daily duties and a life threatening risk of blood clotting associated with taking international flights greater than 5-6 hours. Four different doctors (a hematologist, two vascular surgeons, and an internist) have advised FORMAN that regardless of any available medication he should not take any flight more than five hours due to his medical history and a reasonable risk of having a life threating blood clot. These doctors' opinions are backed by medical literature that describes the medical risk associated with air travel and blood clotting.

In addition to an inability to perform extended air travel, FORMAN could no longer perform the extensive daily requirements of his job when he was not travelling.

The only consistent thing about FORMAN's work day was that he would work at least 12 hours a day and the hours always varied due to the country in which he needed to coordinate with his employees and clients. Many days were spent at his desk where he would attend long meetings via telephone or online meetings. On average he would spend a minimum of 8-10 hours a day in front of his computer as he was constantly required to review reports and monitor the work activities of all his co-workers through the computer systems he designed and implemented. FORMAN did not have the ability to take frequent breaks as needed as he would always have meetings with co-workers set up throughout the day in order to work with his team members located in more than 90 offices worldwide.

In addition to the daily demand, FORMAN also had high level executive demands that required attendance at long budgeting and planning meetings, and regular presentations which did not allow him to take frequent breaks as needed. A review of FORMAN's job duties reveals that he would be required to sit for more than 6 hours a day without the ability to take frequent breaks for as long as he needs. It is undisputed that sitting for long periods significantly increases the risk of blood clots. On a daily basis, FORMAN could not perform his job by getting up from his desk and walking around as often as he wanted for as long as he needed during the day. As a result of his chronic venous insufficiency FORMAN would begin to experience swelling in his legs after several hours of sitting. By the latter part of the day his legs would become painful and affect his ability to concentrate due to his level of discomfort.

Following a business trip to the Netherlands and India in late 2017, FORMAN was hospitalized in December of 2017 due to a Deep Vein Thrombosis (DVT). Due to

[1864990/4511286/1]

his prior history of Pulmonary Embolism in November 2003 following a long overseas flight, and due to his chronic suffering of pain, fatigue and lower extremity issues due to venous insufficiency, FORMAN's primary care physician (Dr. Bradford Granger) advised him on January 11, 2018 to stop taking any flights greater than five hours of air travel and to limit extended periods of sitting.  Recognizing that if he cannot fly, he cannot work, FORMAN faced the grim realization that he could not perform his material duties and would be unable to continue as the Partner of Global Head of Research and Analytic Services at McKinsey.  During the first three months of 2018, McKinsey made an accommodation for FORMAN to work out of his home without travel, but everyone quickly realized that it was not a practical solution that would allow FORMAN to perform his job.  FORMAN and McKinsey realized that due to the worldwide travel and time sensitive job requirements that FORMAN did not have the physical capabilities to perform his daily job responsibilities.  As such, FORMAN applied for long term disability insurance benefits under the governing policy.

Despite Mr. Forman being approved for short term disability by a third party review company, First Unum never approved the payment of long term disability benefits under this policy.  First Unum initially denied this claim by way of an October 26, 2018 denial Letter.  With the assistance of his legal representation, FORMAN filed a timely ERISA appeal dated April 24, 2019.  When First Unum failed to render a timely decision of the April 24, 2019 administrative appeal and due to First Unum's failure to comply with the requirements of 29 CFR § 2560.503-1(i), a lawsuit was filed on June 24, 2019. Subsequent to the filing of this lawsuit, First Unum sent a denial letter dated August 1, 2019 denying FORMAN's Appeal of April 24, 2019.

[1864990/4511286/1]

First Unum's decision to deny this claim was wrong as it ignored medical evidence from FORMAN's physicians, it failed to exam FORMAN, it ignored medical literature, it failed to reasonably evaluate FORMAN's occupational duties, it ignored his ability to continue working in reduced capacity and still be "disabled", and it merely relied upon the paper reviews of employee physicians and nurses. As such, FORMAN is seeking long term disability benefits due under the terms of the Policy that were wrongfully denied and never paid.

3. **Monetary Damages:**
   a. Damages include monthly disability benefits that have not been paid. Benefits are currently owed from October 2, 2018 through the present and would be in the amount of $35,000.00 per month. As of the submission of this memo, Forman is owed 24.5 months of past due benefits which totals $857,500. At this time, there are no qualifying offsetable income or other deductible income that would reduce the monthly benefit. The Plaintiff is eligible for benefits through the age of 65 (12/16/2024). The plaintiff is seeking an award of past due benefits from October 2, 2018 through the entry of judgment by the court. Additionally, if the Plaintiff is a prevailing party he will seek an award of attorney fees, case expense and interest.

**List showing names and addresses of all witnesses the Plaintiff intends to call at trial:**
   b. See Section 1 (a) above.

4. **Schedule of all exhibits to be offered at trial by Plaintiff:**

   See Section 3 above.

5. **An estimate of the number of days required for trial:**

[1864990/4511286/1]

   a. 3 days; The Plaintiff has checked availability with Plaintiff's treating providers and has confirmed witness availability to testify at the following times:
      i. Dr. Bradford Granger: Tuesday, December 15, 2020 at 9:30am
      ii. Dr. Reifsnyder: Tuesday, December 15, 2020 at 1:00pm
      iii. Dr. Samuel Kerr: Tuesday, December 15, 2020 at 3:30pm
      iv. Mr. Glenn Forman: The Plaintiff is available to testify at any time and the Plaintiff suggests that he testify on Wednesday, December 16, 2020 at 9:00am through 11:00am
      v. The Plaintiff would also like to call Ms. Katie Doherty in the afternoon of Wednesday, December 16, 2020 at 1:00pm.

6. **Special comments regarding legal issues, stipulations, amendments of pleadings, or other appropriate matters:**
   a. No legal issues are expected as the Court has ruled that the De Novo standard of review is appropriate. (D.E. 30). The Court should decide whether FORMAN is disabled under the terms of the policy, and if so, the amount of disability benefits owed by the Defendant to the Plaintiff.

# CERTIFICATE OF SERVICE

The undersigned counsel for Glenn W. Forman hereby certify that on this date, December 1, 2020, a true and correct copy of the foregoing *Plaintiff's Pre-Trial Memorandum* has been filed electronically on the CM/ECF website for the District Court for the Eastern District of Pennsylvania and is available for viewing by all electronic filers through the Court's CM/ECF system. The undersigned further certify that true and correct copies of the foregoing *Plaintiff's Pre-Trial Memorandum* were mailed on this date to counsel listed below by first class mail, postage pre-paid.

E. Thomas Henefer
Stevens & Lee P.C.
111 N. Sixth Street
PO Box 679
Reading, PA 19603


DATED: December 1, 2020              Respectfully submitted,

                                     ATTORNEYS DELL AND SCHAEFER,
                                     CHARTERED
                                     Attorneys for Plaintiff
                                     2404 Hollywood Boulevard
                                     Hollywood, FL  33020
                                     Phone: (954) 620-8300
                                     Fax: (954) 922-6864

                                     *S/ Alexander A. Palamara*
                                     ALEXANDER A. PALAMARA, ESQUIRE
                                     Florida Bar No: 0037170
                                     Email: alex@diattorney.com
                                     *Admitted pro hac vice*
                                     GREGORY MICHAEL DELL, ESQUIRE
                                     Florida Bar No: 299560
                                     Email: gdell@diattorney.com
                                     *Admitted pro hac vice*